ORIGINAL

LOVE & KIRSCHENBAUM
A LIMITED LIABILITY LAW COMPANY

CHAD P. LOVE  1617-0
BARBARA J. KIRSCHENBAUM  5825-0
1164 Bishop Street, Ste. 1105
Honolulu, Hawaii  96813
Tel. No. 546-7575
Fax. No. 546-7070
Email address:  lk@lkhawaii.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 1 2 2007

at ____ o'clock and ____ min. __M
SUE BEITIA, CLERK

Attorneys for Menu Foods Holdings, Inc.

IN THE UNITED STATES DISTRICT COURT CIRCUIT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YVONNE ORTIZ, Individually and on behalf of all other similarly situated persons,<br><br>          Plaintiff,<br><br>   vs.<br><br>MENU FOODS, INC., a New Jersey corporation; MENU FOODS HOLDINGS, INC., a Delaware corporation; MENU FOODS INCOME FUND, an unincorporated Canadian business; DOE ENTITIES and INDIVIDUALS 1-100,<br><br>          Defendants. | CIVIL NO. CV07-00323 DAE LEK<br>(Class Action)<br><br>NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(b), AND 1446 AND DEMAND FOR JURY TRIAL; EXHIBITS A-B; VERIFICATION; CERTIFICATE OF SERVICE |

## NOTICE OF REMOVAL OF ACTION
## UNDER 28 U.S.C. §§ 1331, 1441(b), AND 1446

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant MENU FOODS HOLDINGS,

INC. (hereinafter referred to as "Menu Foods Holdings"), pursuant to 28 U.S.C.

§§ 1331, 1441 and 1446, files this Notice of Removal (hereinafter "Notice") of this

action from the Circuit Court of the First Circuit, State of Hawaii, to the United

States District Court for the District of Hawaii. The grounds for removal are as

follows:

## I.    INTRODUCTION

1.    YVONNE ORTIZ, on behalf of herself, similarly situated consumers,

and the general public (hereinafter referred to as "Plaintiffs"), commenced this

products liability action in the Circuit Court of the First Circuit, State of Hawaii,

entitled *Yvonne Ortiz, individually and on behalf of all other similarly situated*

*persons v. Menu Foods, Inc., a New Jersey Corporation; Menu Foods Holdings,*

*Inc., a Delaware Corporation; Menu Foods Income Fund, an unincorporated*

*Canadian business; Doe Entities and Individuals 1-100*, Civil

No. 07-1-0849-05(EEH), on May 11, 2007. Plaintiffs allege that their pets became

ill upon consuming pet food manufactured and distributed by Defendants.

Plaintiffs further claim that they sustained compensatory damages, including

veterinarian bills and related expenses, as a result of their pets' illnesses. A true

and correct copy of the Complaint is attached hereto and incorporated by reference as Exhibit B. A true and correct copy of Plaintiffs' Motion for Class Certification is attached hereto and incorporated by reference as Exhibit A.

2.    Defendant Menu Foods Holdings was first served with a copy of the Summons and Complaint on or about May 23, 2007. Pursuant to 28 U.S.C. § 1441, this Notice of Removal is timely filed.

3.    As more fully set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and this action is removable under 28 U.S.C. §1441, because it is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action between citizens of different states. Therefore, pursuant to 28 U.S.C. § 1441(a), Menu Foods Holdings may remove this action to this Court.

## II.    THIS COURT HAS SUBJECT MATTER JURISDICTION

## A.    The Amount in Controversy Requirement Exceeds $5,000,000.

4.    Plaintiff filed this class action on behalf of herself as an individual and similarly situated individuals of the United States whose pets allegedly became ill and/or died after consuming various brands of allegedly tainted pet food for dogs and cats manufactured by Menu Foods Holdings and distributed and sold

throughout the State of Hawaii and the country. Plaintiff alleges that she sustained compensatory damages in the form of veterinarian bills, the cost of the pet food, and related expenses as a result of their pets' illnesses. In addition, Plaintiff estimates that the entire class is "several thousand potential members". Plaintiff's prayer for relief seeks general, special, and consequential damages in an amount to be determined at trial, plus treble damages and punitive damages and costs and disbursements, including attorneys' fees.

5.    Plaintiff alleges that the amount in controversy is less than $5,000,000. When the plaintiff has pled damages less than the jurisdictional amount, the removing defendant must establish with "legal certainty" that the amount in controversy is satisfied. *Lowdermilk v. United States Bank National Association*, 479 F.3d 994 (9th Cir. 2007). In this case, it is with legal certainty that the amount in controversy is a sum greater than $5,000,000. To wit: In Paragraph 46(a) of the Complaint, Plaintiff admits:

> *"The Class is so numerous that joinder of all members is impractical. There are several thousand potential members of the Class."* [Emphasis added.]

As "several" is greater than two, the proposed class here is at least 3,000 members. In the Prayer of the Complaint, Plaintiff asks for general damages, special damages (including veterinarian bills), consequential damages, treble damages, and punitive damages for each of these "several thousand" class

members.  If each member's claim (including treble and punitives) was for only $2,000, then the total claim will be $2,000 multiplied by the 3,000 class members: $6,000,000 (in excess of the $5,000,000 threshold).

Furthermore, in paragraph G of the Prayer, Plaintiff asks for a minimum of $5,000 for each class member who is an "elder" (age 62 or over per HRS § 480-13.5).  If one-third of the 3,000 members are "elders", the elder's claims alone come to $5,000,000 -- i.e., 1,000 members multiplied by $5,000 each.

Also, in Paragraphs 4 and 5, Plaintiff further alleges that:

- Defendants "recalled 53 brands of cuts and gravy wet-style dog food and 42 brands of cuts and gravy wet style cat food";

- Defendants are "the largest maker of wet dog and cat food in North America with its products sold under 95 brand names through supermarkets, big box, and pet product retailers and wholesalers"; and

- Defendants manufacture "pet food for 17 of the top 20 North American retailers and is also a contract manufacturer of branded pet food products, manufacturing for five of the top six branded companies in North America".

The Complaint alleges that the contamination period spans four months (November 8, 2006, through March 6, 2007).  Moreover, there are numerous pending class actions against Menu Foods Holdings in various federal judicial

districts in which the named plaintiffs allege that jurisdiction exists under 28

U.S.C. § 1332(d)(2).  There is no reason to believe that the amount in controversy,

exclusive of costs and interests, in this civil action will be less than those in the

pending federal cases.  It is with legal certainty that the amount in controversy

exceeds $5,000,000, exclusive of costs and interest.

      6.    Menu Foods Holdings has, therefore, met its burden of showing to a

legal certainty that the amount in controversy satisfies the federal jurisdictional

amount.

**B.    Complete Diversity of Citizenship Exists.**

      7.    There is complete diversity of citizenship between Plaintiff and the

Defendants in this action.  Diversity in a class action is established when "any

member of a class of plaintiffs is a citizen of a State different from any defendant".

      8.    According to the Complaint, the named Plaintiff is a citizen of the

State of Hawaii.

      9.    Menu Foods Holdings is a Delaware corporation with its principal

executive offices located outside the State of Hawaii.  Pursuant to 28 U.S.C.

§ 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which

it has been incorporated and of the State where it has its principal place of

business" 28 U.S.C. § 1332(c)(1).  Menu Foods Holdings is deemed to be a citizen

of Delaware.

10.    The other named Defendants, MENU FOODS, INC., and MENU FOODS INCOME FUND, have not been served in this action to date. The "Doe Entities and Individuals" are wholly fictitious and sham parties against whom no relief is, or could be, sought in this action. Pursuant to 28 U.S.C. § 1441(a), this Court should disregard the citizenship of any defendant sued under this fictitious name. Accordingly, it is not necessary that any other parties join in this Notice of Removal of Action.

11.    This case should be removed to the United States District Court for the District of Hawaii pursuant to 28 U.S.C. §§ 1332 and 1441 because: (1) Plaintiff is a citizen of the State of Hawaii; (2) Menu Foods Holdings is a citizen of the State of Delaware, and (3) the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

## III.  PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

12.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

13.    Menu Foods Holdings, in good faith, believes that the amount in controversy exceeds $5,000,000, exclusive of costs and interest, and complete diversity of citizenship exists.

14.    The United States District Court for the District of Hawaii embraces the county in which the state court action is now pending. Therefore, this action is

properly removed to the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 93(a)(1).

15.    Pursuant to 28 U.S.C. § 1446(d), Menu Foods Holdings is serving written notice of this removal upon all adverse parties and will file a copy of the notice with the Clerk of the State court in which this action is currently pending.

WHEREFORE, Menu Foods Holdings respectfully removes this action from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rule of Civil Procedure, Menu Foods Holdings hereby demands trial by jury in this action.

DATED:  Honolulu, Hawaii, _JUNE 12, 2007_____.

_____
CHAD P. LOVE
BARBARA J. KIRSCHENBAUM

Attorneys for Menu Foods Holdings, Inc.