IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YVONNE ORTIZ, Individually and on behalf of all other similarly situated persons,<br><br>                Plaintiff,<br><br>    vs.<br><br>MENU FOODS, INC., a New Jersey corporation; MENU FOODS HOLDINGS, INC., a Delaware corporation; MENU FOODS INCOME FUND, an unincorporated Canadian business; DOE ENTITIES and INDIVIDUALS 1-100,<br><br>                Defendants.<br>_____ | CIVIL NO. CV07-00323DAELEK<br>(Class Action)<br><br>DECLARATION OF CHAD P. LOVE |

**DECLARATION OF CHAD P. LOVE**

The undersigned hereby declares that:

1.    I was first contacted regarding this lawsuit on June 8, 2007.

2.    Although Plaintiff filed her Complaint in the Circuit Court of the First Circuit on May 11, 2007, I only received a copy of the Complaint on Friday, June 8, 2007, after I was contacted to defend Menu Foods Holdings, Inc. ("Menu Foods Holdings").

3. On Monday, June 11, 2007, our office was closed in honor of Kamehameha Day.

4. On June 12, 2007, I learned that the deadline for Defendant Menu Foods Holdings to Answer or otherwise respond to the Complaint was June 12, 2007 (the same day).

5. On June 12, 2007, Defendant Menu Foods Holdings filed a "Notice of Removal" of Plaintiff's action to Federal Court.

6. Pursuant to FRCP Rule 81, the deadline for Defendant Menu Foods Holdings to Answer or otherwise respond to the Complaint is five (5) days after the filing of the "Notice of Removal". Accordingly, the Answer or other pleading (hereinafter referred to as "Answer") is due **tomorrow, June 19, 2007**.

7. On June 13, 2007, I called Thomas Grande, Esq. (one of Plaintiff's attorneys) to request an extension of time within which to Answer the Complaint. I was informed that Mr. Grande was out of town until June 15, 2007. I then called Emily Gardner, Esq. (another attorney for Plaintiff) to request the extension of time. Ms. Gardner agreed to a 30 day extension.

8. Approximately an hour after Ms. Gardner agreed to the 30 day extension of time to Answer the Complaint, I received a telephone call from Mr. Grande informing me that Ms. Gardner was mistaken and Plaintiff **did**

**not** agree to any extension to Answer the Complaint; Mr. Grande advised that Plaintiff *may* be willing to agree to an extension and that we should discuss this matter after he returned to his office on Friday, June 15, 2007.

    9.    On June 15, 2007, I waited for Mr. Grande to contact me regarding Defendant Menu Foods Holdings' request for additional time to Answer the Complaint. At 3:19 p.m., not having received any communication from Mr. Grande, I called Mr. Grande again regarding the requested extension. A secretary at his office informed me that Mr. Grande had left for the day. I left Mr. Grande a voice mail regarding the purpose of my call.

    10.    I also telephoned Mr. Grande on Saturday, June 16, 2007, to discuss the extension of time to Answer the Complaint. He was not in. I did not leave a message.

    11.    This lawsuit involves claims arising out of the recent pet food recall. There are over 100 such lawsuits filed in Federal Courts around the country. Upon information and belief, in all but one case the Federal Court has stayed, and/or the parties have stipulated to stay, the defendants' obligation to answer the Complaint pending a determination from the MDL Panel regarding a consolidation of all the Federal lawsuits into a MDL

action. The MDL's Panel's decision is expected early next month (July 2007).

12. On June 15, 2007, Defendant Menu Foods Holdings filed a "Motion to Stay All Proceedings", including but not limited to Menu Foods Holdings' obligation to file its Answer in this matter pending MDL Panel's decision. This Court has not yet set a hearing date for the "Motion to Stay".

13. Although there is mainland National counsel involved, this National counsel only recently replaced the prior National counsel on or about June 11, 2007. In addition, National counsel has not yet asked for permission to appear as pro hac vice counsel in this lawsuit.

14. National counsel and I need additional time to investigate the facts, law, and background applicable to this case.

15. Because the deadline to Answer is tomorrow, June 19, 2007, and because I have been unable to obtain Plaintiff's agreement to an extension of time to file an Answer, and because there is pending a "Motion to Stay All Proceedings", and because there is not enough time to file a duly noticed Motion under LR 6.2(b), Defendant Menu Foods Holdings hereby files this ex parte Application for an additional 60 days (from June 19, 2007 up to and including August 17, 2007) to Answer the Complaint or, in the event that this Court denies Defendant Menu Foods Holdings' "Motion to

Stay", an additional 30 days from the filing of the Order Denying the "Motion to Stay", whichever period is longest.

16. This is the first extension requested by Defendant Menu Foods Holdings in this matter.

17. Defendant Menu Foods Holdings requests the aforesaid extension because of the above reasons and because the other two Defendants in this matter have not yet been served with the Complaint. It is anticipated that Plaintiff will serve the remaining Defendants soon. The requested extension of time to Answer the Complaint should allow Defendants to file one Answer, instead of multiple Answers.

18. The requested extension will allow Defendant Menu Foods Holdings time to apply for a further extension or enlargement by stipulation or duly noticed motion, if one should be necessary;

19. Accordingly, Defendant Menu Foods Holdings respectfully applies for the longer of the following in which to Answer the Complaint: (a) a 60 day extension (from June 19, 2007, to August 17, 2007); or (b) if this Court denies Defendant Menu Foods Holdings "Motion to Stay", 30 days from the Order Denying the "Motion to Stay".

I declare under penalty of law that the foregoing is true and correct; I am an attorney licensed to practice law before all the courts in Hawaii and

-6-

am one of the attorneys for Defendant Menu Foods Holdings.  I have personal knowledge of the matters discussed herein unless stated to be upon information and belief.

    DATED:  Honolulu, Hawaii,     June 18, 2007    .

              /s/ Chad P. Love
              CHAD P. LOVE

Case 1:07-cv-00323-DAE-LEK    Document 6-2    Filed 06/18/2007    Page 6 of 6