DAVIS LEVIN LIVINGSTON GRANDE

THOMAS R. GRANDE  3954
851 Fort Street, Suite 400
Honolulu, Hawaii 96813
Telephone: (808) 524-7500
Facsimile: (808) 356-0418
Email: tgrande@davislevin.com

EMILY A. GARDNER   6891
Attorney at Law
Dillingham Transportation Building
735 Bishop Street, Suite 402
Honolulu, Hawaii  96813
Telephone: (808)-540-0200
Facsimile: (808)-540-0201
Email: eagardner@hawaii.rr.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YVONNE ORTIZ, individually and on behalf of all other similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> MENU FOODS, INC., a New Jersey Corporation; MENU FOODS HOLDINGS, INC.,  a Delaware Corporation,  MENU FOODS INCOME FUND, an unincorporated Canadian business; DOE ENTITIES and INDIVIDUALS 1- 100, <br><br> Defendants. | Civil No.  CV07-00323 DAE LEK <br> (Class Action) <br><br> PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MENU FOODS HOLDINGS, INC.'S MOTION TO STAY ALL PROCEEDINGS <br><br><br> HEARING: <br> Date:    August 1, 2007 <br> Time:   10:00 a.m. <br> Judge Leslie Kobayashi |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT MENU FOODS HOLDINGS, INC.'S <u>MOTION TO STAY ALL PROCEEDINGS</u>

Plaintiff above named opposes Defendant's Motion to Stay All Proceedings in the case, which has been filed on behalf of Hawaii consumers who purchased contaminated and adulterated dog and cat food sold by Defendant Menu.

Defendant's motion should be denied because: (1) jurisdiction over this case in federal court has not been established until Plaintiff's Motion for Remand is heard and (2) there is no basis to consider a stay until the MDL panel has been established. Because there is no transfer pending to the MDL, it is premature for this Court to order a stay of all proceedings. This Court must first decide whether to remand the case to Hawaii circuit court. Thereafter, if remand is denied and the case is transferred as a tag-along action, Plaintiff must be afforded the opportunity, if appropriate, to oppose the transfer.

Similar to Defendant's position in their Notice of Removal, Defendant's Motion to Stay is predicated on an incorrect reading of the facts and claims pled in the Complaint. As stated in Plaintiff's Motion for Remand, this case is a consumer class action case filed on behalf of Hawaii consumers seeking relief under Hawaii's unique Food, Drug & Cosmetics Act, HRS Chapter 328, which affords special, statutory protections to cat and dog foods, and Hawaii's deceptive and unfair trade practice laws, governed by HRS Chapter 480, which impose

mandatory treble damages for unfair trade practices, such as the sale of tainted food products.

Plaintiff's Complaint was specifically drafted with claims made under Hawaii law and filed in Hawaii state court to avoid federal jurisdiction and the potential for the claims of Hawaii consumers to be decided in a national class action that would not give Hawaii consumers the protections of Hawaii law. This case is distinctly different from the "over one hundred (100) federal actions" referred to in Defendant's Motion at 2, in which the plaintiffs are claiming injuries and damages resulting from illness and/or death to their pets which consumed Defendant's tainted food. In this case, Plaintiff has made no claims resulting from illness and/or death of pets and has excluded those claims for the class definition. Plaintiff's case is not a personal injury case.

Despite the unique nature of Plaintiff's Hawaii state law claims, Defendant Menu removed this case to federal court and is seeking consolidation of the case before a putative federal Multi-District Litigation ("MDL") panel where Hawaii legal protections will not apply if a federal class action is certified. As discussed more fully below, Defendant's only apparent basis to stay these proceedings is its *assumption* that this case will be transferred to an appropriate MDL Panel as a "tag along" action. See Memorandum of Law in Support of Motion to Stay at 1. The court should not consider Defendant's Motion until issues relating to jurisdiction

are resolved and if this action is designated as a tag-along, Plaintiff has been afforded the opportunity to oppose the transfer.

**I    DEFENDANT'S MOTION IS UNTIMELY AND SHOULD BE DENIED**

In circumstances where jurisdiction of the court is at issue, several courts have determined that jurisdictional issues should be resolved before the court determines if a stay is appropriate. Smith v. Mail Boxes Etc., USA, Inc., 191 F. Supp. 2d 1155, at 1157 (E.D. Cal. 2002). See also Tortola Rest., L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, at 1188-89 (N.D. Cal. 1997); Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 54 F.Supp. 2d 1042 at 1047 (D. Kan. 1999); Villarreal v. Chrysler Corp., 1996 WL 116382 (N.D. Cal. Mar 12, 1996).

Here, jurisdiction of the court is clearly at issue and has been strongly contested by Plaintiff in her Motion to Remand on the basis of Defendant's failure to prove that Plaintiff's damages exceed the jurisdictional threshold of $5 million, exclusive of interest and costs, as required. Lowdermilk v. U.S. Bank National Ass'n 479 F.3d 994, 998 (9th Circuit, 2007). In Villarreal, *supra*, the court held it was proper to first address the merits of plaintiff's motion to remand before considering whether a stay is appropriate. In so doing, the court reasoned that judicial economy would best be served by first addressing the remand issue

because a determination on this issue will facilitate litigation in the appropriate forum.

Thus, until this Court rules on Plaintiff's Motion to Remand, it would be premature for the Court to order a stay of proceedings. This is particularly true when Defendant's basis for removal is founded upon a gross misreading of Plaintiff's claims. See Plaintiff's Motion for Remand at 9.

II.     **A STAY IS NOT WARRANTED WHERE THERE IS NO TRANSFER PENDING**

Defendant's only apparent basis to stay these proceedings is the assumption that this case will be transferred to an appropriate MDL Panel as a "tag along" action. Under the Rules of Procedure of the Judicial Panel on Multi-District Litigation, once actions have been transferred to a Multi-District Panel pursuant to 28 USC 1407, "a civil action pending in a district court and involving common questions of fact with actions previously transferred under section 1407" is considered to be a "tag-along action." Rules of Procedure of the Judicial Panel on Multi-District Litigation, Rule 1.1.

Because this case was not part of the series of cases currently under consideration for consolidation before the MDL, i.e., "actions previously transferred under section 1407," this case is considered to be a potential "tag-along action" and is therefore governed by the rules relating to those types of cases.

Before a "tag-along action" may be transferred, the Clerk of the Panel must

serve on each party a conditional transfer order, which may be opposed by that party within fifteen days. Rules of Procedure of the Judicial Panel on Multi-District Litigation, Rule 7.4(a).

Because there is no transfer pending, it is premature for this Court to order a stay of all proceedings. This Court must first decide whether to remand the case to Hawaii circuit court. Thereafter, if remand is denied and the case is transferred as a tag-along action, Plaintiff must be afforded the opportunity, if appropriate, to oppose the transfer.

**III.   A STAY IS NOT WARRANTED IN A CLASS ACTION CONTEXT WHEN THE ACTION IS DISSIMILAR FROM ACTIONS PROCEEDING IN DIFFERENT COURTS**

This case brought by Hawaii consumers raises unique issues under Hawaii's food safety and consumer protection laws. It is distinctly unlike the more than 100 cases proceeding in federal courts that are seeking damages relating to illness and/or death of pets that are currently pending determination by the MDL. Thus, Defendant's reliance on the recent Order by Judge Seabright in McClelland v. Merck, 2007 WL 178293 (D. Hawaii January 9, 2007) is misplaced, as the Order granted the stay upon concluding that "the transferee court has been dealing with cases of this type for over a year and a half and has developed extensive experience in handling the pre-trial issues that commonly arise in the Vioxx products liability litigation…"

In this case, the MDL could not possibly have garnered experience in dealing with Hawaii's unique food safety and consumer protection laws.  A stay is not supported here because the litigation in the MDL will involve issues of liability, causation, and damages for personal injury suffered by dogs and cats.  This consumer case, however, will not be duplicative to the MDL proceedings and instead will focus on whether Defendant Menu engaged in unfair trade practices in violation of Hawaii law in selling Hawaii consumers contaminated pet food.  Because the issues and claims are different, Defendant's arguments relating to the promotion of judicial economy are fundamentally flawed.

Judicial economy will in fact best be served by the court first ruling on the merits of Plaintiff's Motion for Remand.  As the courts in <u>Smith</u>, *supra* and <u>Villarreal</u>, *supra* determined, this will ensure that litigation is carried out in the appropriate forum.

## IV.     CONCLUSION

Defendant's Motion to Stay is untimely and should be denied.  The Court should first resolve issues relating to its jurisdiction prior to making any ruling on the Motion to Stay in order to promote judicial economy and facilitate litigation in the proper forum. A stay should also not be imposed because the issues to be litigated in the putative MDL are different from the issues in this case.

For all the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion be denied.

DATED:  Honolulu, Hawaii, <u>July 13, 2007</u>.

<u>     /s/ Thomas R. Grande     </u>
THOMAS R. GRANDE
EMILY A. GARDNER

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YVONNE ORTIZ, individually and on behalf of all other similarly situated persons,<br><br>    Plaintiff,<br><br> v.<br><br>MENU FOODS, INC., a New Jersey Corporation; MENU FOODS HOLDINGS, INC., a Delaware Corporation, MENU FOODS INCOME FUND, an unincorporated Canadian business; DOE ENTITIES and INDIVIDUALS 1- 100,<br><br>    Defendants. | Civil No. CV07-00323 DAE LEK<br>(Class Action)<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF

| | | |
|---|---|---|
| Chad P. Love | dl@lkhawaii.com | July 13, 2007 |
| Barbara J. Kirschenbaum | bk@lkhawaii.com | July 13, 2007 |

DATED: Honolulu, Hawaii, July 13, 2007.

      /s/ Thomas R. Grande
THOMAS R. GRANDE
EMILY A. GARDNER

Attorneys for Plaintiffs

2