LOVE & KIRSCHENBAUM
A LIMITED LIABILITY LAW COMPANY

CHAD P. LOVE  1617-0
BARBARA J. KIRSCHENBAUM  5825-0
1164 Bishop Street, Ste. 1105
Honolulu, Hawaii  96813
Tel. No. 546-7575
Fax. No. 546-7070
Email address:  clove@lkhawaii.com

Attorneys for Defendants Menu Foods, Inc.,
Menu Foods Holdings, Inc., and Menu
Foods Income Fund

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YVONNE ORTIZ, Individually and on behalf of all other similarly situated persons,<br><br>          Plaintiff,<br><br>vs.<br><br>MENU FOODS, INC., a New Jersey corporation; MENU FOODS HOLDINGS, INC., a Delaware corporation; MENU FOODS INCOME FUND, an unincorporated Canadian business; DOE ENTITIES and INDIVIDUALS 1-100,<br><br>          Defendants. | CIVIL NO. CV07-00323DAELEK<br>(Class Action)<br><br>DEFENDANTS MENU FOODS, INC., MENU FOODS HOLDINGS, INC., AND MENU FOODS INCOME FUND'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MENU FOODS HOLDINGS, INC.'S MOTION TO STAY ALL PROCEEDINGS, FILED JUNE 15, 2007; EXHIBITS A THRU J; CERTIFICATE OF SERVICE<br><br>**HEARING SET:**<br>DATE:    Wed., 08/01/07<br>TIME:    10:30 a.m.<br>JUDGE:   Leslie Kobayashi |

**DEFENDANTS MENU FOODS, INC., MENU FOODS HOLDINGS, INC., AND MENU FOODS INCOME FUND'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MENU FOODS HOLDINGS, INC.'S MOTION TO STAY PROCEEDINGS, FILED JUNE 15, 2007**

Defendants Menu Foods, Inc., Menu Foods Holdings, Inc., and Menu Foods Income Fund ("Menu Foods")[1] submit this reply memorandum in further support of Defendant Menu Foods Holdings, Inc.'s Motion to Stay Proceedings, filed herein on June 15, 2007, pending a decision by the Judicial Panel on Multidistrict Litigation ("Judicial Panel") to transfer this action pursuant to 28 U.S.C. § 1407.

## INTRODUCTION

Plaintiff has moved to remand this case to state court, and it is expected that the Court will first address this jurisdictional issue.[2] If, as anticipated, the Court denies Plaintiff's Motion to Remand, there is no legitimate reason why the proceedings in this Court should not be stayed while the Judicial Panel determines

---

[1] As of the filing of this motion, Menu Foods Holdings, Inc., was the only Menu Foods entity Plaintiff had served. Since that date, Plaintiff has served Menu Foods, Inc., and Menu Foods Income Fund has waived service. This motion, therefore, is now made on behalf of all three Menu Foods entities. In addition, the parties have reached a stipulation regarding the response of all Menu Foods Defendants to the Complaint subsequent to this Court's rulings on the Motion to Stay and Motion to Remand.

[2] Briefing on Plaintiff's Motion to Remand will be completed on August 10.

whether to transfer this action to the MDL. Plaintiff's arguments against a stay are meritless.

The Judicial Panel has established a multi-district litigation ("MDL") in the District of New Jersey for litigation arising out of the pet food recall at issue in this case, and it has been notified of this specific case as being potentially related. It is likely that the Judicial Panel will transfer this case to New Jersey, and regardless, there is no prejudice to Plaintiff if this action is stayed during the short period while it makes its decision. A stay would further the policy behind MDL proceedings: saving the significant time and expense associated with duplicative proceedings occurring simultaneously in jurisdictions throughout the country.

Plaintiff attempts to circumvent this policy by arguing that Hawaii law renders this case "unique" and makes transfer unlikely. Besides the reality that only the Judicial Panel may make this determination, the central prerequisite for an MDL is common questions of fact, not law. See 28 U.S.C. § 1407(a) ("*When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings*") (emphasis added). There are certainly differences among the laws of the twenty-one states that already have had cases transferred to New Jersey in the pet food MDL. If identical laws were the standard, interstate MDLs would be virtually non-existent.

Differences in law do not trump common claims and common facts in an MDL setting. Plaintiff's claims, like the claims made in the cases already transferred to the MDL, are premised on the central allegation that pet food that Menu Foods manufactured and subsequently recalled was contaminated. Plaintiff's causes of action are similar to, and in some instances duplicative of, those in other cases. All of these cases involve common questions of fact, and any discovery or motion practice in this Court will be duplicative of the MDL proceeding, will waste judicial resources, and will cause substantial prejudice to Menu Foods. Accordingly, the Court should grant Menu Foods' Motion to Stay pending a decision on this case by the Judicial Panel.

## ARGUMENT

**I.   A Stay Pending a Final Decision on the Judicial Panel's Anticipated Conditional Transfer Order Will Promote Judicial Economy and Avoid Undue Hardship to Menu Foods.**

In its memorandum in support of the Motion to Stay, Menu Foods addressed the three factors relevant to its Motion to Stay, all of which weigh heavily in Menu Foods' favor: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation. Menu Foods'

Mem. at 7 (quoting and citing cases). Plaintiff fails to address the hardship and inequity to Menu Foods if this case is not stayed or the judicial resources that likely will be wasted if a stay is not granted. Similarly, Plaintiff does not address the prejudice (or lack thereof) that a stay would impose on her, apart for her contentions related to her remand motion.

Instead, Plaintiff argues that a stay is premature because she has not had the opportunity to oppose a transfer of this action. Plaintiff's Opp. Mem. at 5-6. Tellingly, Plaintiff's argument that a stay is unwarranted simply because the Judicial Panel has not yet ordered transfer is bereft of a citation to a single authority in support of that proposition. See Plaintiff's Opp. Mem. at 5-6.

On June 19, 2007, the Judicial Panel issued its initial transfer order establishing an MDL proceeding in the District of New Jersey captioned *In re Pet Food Products Liability Litigation*. See Exhibit A ("Transfer Order"). The Transfer Order transferred thirteen actions that, like Plaintiff's claims, "stem from the recall of pet food products allegedly tainted by melamine found in wheat gluten imported from China." Id. at 2; compare Plaintiff's Opp. Mem. at 2 (stating that this case "has been filed on behalf of Hawaii consumers who purchased contaminated and adulterated dog and cat food sold by Defendant Menu"). As of

the date of the Transfer Order, various parties had notified the Judicial Panel of almost one-hundred other potentially-related pet food recall actions "as potential tag-along actions." Transfer Order at 1 n.1. Subsequent to the Transfer Order, Menu Foods notified the Judicial Panel of twenty-two additional potentially-related pet food recall actions, including the case at bar. See Exhibit B at 6-7 (Notice of Potential Tag Along Actions). On June 28, 2007, the Judicial Panel issued its first conditional transfer order for sixty-six of the potentially-related actions. See Exhibit C. After the period for filing a notice of objection to this conditional transfer expired, the Judicial Panel transferred all but one of these actions on July 6, 2007.[3] Id. To date, the Judicial Panel has not excluded any of the actions parties have identified as potentially-related to the pet food recall litigation from the MDL.

Plaintiff's suggestion that a stay in this Court will deny her of the opportunity to oppose transfer of her action to the MDL is simply incorrect. Plaintiff acknowledges, as she must, that it is the Judicial Panel that determines

---

[3] Notices of Objection to the conditional transfer order were filed with regard to only one case, *Picus v. Wal-Mart, Inc.*, No. 07-686 (D. Nev.). The *Picus* case is not a consumer action based on the pet food recall. Rather, the plaintiffs in *Picus* bring claims based on the alleged mislabeling of a brand of pet food as "MADE IN THE USA." The Judicial Panel will determine whether *Picus* should be transferred to the MDL after the plaintiff and three of the defendants brief their objections to transfer. Rules of Procedure, Judicial Panel on Multidistrict Litigation, Rule 7.4(d).

whether this case should be transferred. Plaintiff's Opp. Mem. at 5-6. Although Menu Foods believes an objection to the transfer of this case is without merit, Plaintiff will have an opportunity to make that objection to the Judicial Panel. <u>See</u> Rules of Procedure, Judicial Panel on Multidistrict Litigation, Rule 7.4. Menu Foods simply asks that this case be stayed so that the process can occur in a manner that is efficient and consistent with the purpose the Judicial Panel and MDLs. <u>See</u> 28 U.S.C. § 1407(a) (MDLs "promote the just and efficient conduct of [transferred] actions").

Numerous district courts have stayed actions pending final disposition of objections to a conditional transfer order on facts identical to those here. <u>See, e.g.</u>, <u>Kavalir v. Medtronic, et al.</u>, _____ F. Supp. 2d _____, 2007 WL 1225358 *1, *4 (N.D. Ill. April 19, 2007) (staying further proceedings pending final ruling by Judicial Panel on conditional transfer order where transfer was likely and non-movant could not support its assertion that it would be prejudiced by a stay); <u>Jones v. Lewis</u>, 2006 WL 1006881 *1, *1 (W.D. Tenn. 2006) (unpublished) (staying further proceedings pending final ruling by Judicial Panel on conditional transfer order where establishment of an MDL demonstrated Judicial Panel's determination that coordination under § 1407 was "appropriate," prejudice to the non-movant was not "significant," and risk to the movant of duplicative motions and discovery was "substantial"); <u>Kennedy v. Novartis Pharmaceuticals Corp.</u>, 2002 WL

31051601 *1, *1 (E.D. La. 2002) (unpublished) (staying further proceedings pending final ruling by Judicial Panel on conditional transfer order where case was similar to other transferred cases and minimal prejudice to non-movant was "outweighed by the benefit of judicial efficiency and avoidance of inconsistent rulings"); see also Smith v. Mail Boxes, Etc., USA, Inc., 191 F. Supp. 2d 1155, (E.D. Cal. 2002) (staying further proceedings pending final ruling by Judicial Panel on conditional transfer order after denying motion for remand).

## II.   Plaintiff's Opposition to a Stay on the Basis that Her Claims are "Unique" Has No Merit.

Plaintiff also asserts that this Court should not grant a stay because her putative class action is "distinctly unlike" other actions in the MDL and because it raises "unique issues" under the laws of Hawaii. Plaintiff's Opp. Mem. at 6-7. As with Plaintiff's prior argument, this too lacks citation to a single authority that supports it. See id. Plaintiff simply asks this Court to usurp the role of the Judicial Panel, prejudge whether this case belongs in the MDL, and deny the Motion to Stay on that basis. As noted above, however, the Judicial Panel is the appropriate forum in which Plaintiff may dispute the similarities between her case and the others arising from Menu Foods' pet food recall.

Moreover, Plaintiff mischaracterizes the other pet food recall cases as involving only claims seeking damages for pet death or injury. To the contrary, other pet food recall putative class actions define classes of consumers with exposure-only claims. *See*, for example, the following:

- "All persons in the United States who purchased, or incurred damages by using, pet food produced or manufactured by Defendants that was or will be recalled by the Defendants, including that produced from December 3, 2006 up to and including March 6, 2007." *See* Exhibit D at 7 (*Troiano v. Menu Foods, Inc. and Menu Foods Income Fund*, No. 07-60428 (S.D. Fla.)).

- "[A] class...consisting of herself and all others who purchased pet food in the United States that was ultimately subject to the March 16, 2007 Menu Foods recall or any subsequently announced recall." *See* Exhibit E at 9 (*Majerczyk v. Menu Foods, Inc., et al.*, No. 1:07-CV-01543 (N.D. Ill.)).

- "[A] class...consisting of herself and all others who purchased pet food in the United States that was ultimately subject to the March 16, 2007 Menu Foods recall." *See* Exhibit F at 4 (*Osborne v. Menu Foods, Inc.*, No. 307CV00469 (D. Conn.)).

Plaintiff also conflates the role in an MDL of commonalities of law with the role of commonalities of fact. The prerequisite for transfer of a case to an MDL is the latter, not the former. *See* 28 U.S.C. § 1407(a) ("When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings"). By definition, an MDL will consist of cases originally filed in various judicial districts that may involve different causes of action under the laws

of different states. Moreover, if transferred, Plaintiff's action would go to the MDL for discovery and pretrial proceedings, but may thereafter be remanded to this Court. *See id.* ("Each action so transferred shall be remanded at or before the conclusion of such pretrial proceedings to the district court from which it was transferred unless it shall have been previously terminated").

Plaintiff does not attempt to articulate how discovery related to her claims arising out of the pet food recall is different from discovery related to claims in the MDL arising out of that same event. Indeed, other pet food recall cases involve the same or similar common-law causes of action as those pled by Plaintiff, including negligence (Count II), strict products liability based on defective manufacture and defective design (Count III), and breach of express and implied warranties (Count IV). *See, e.g.*, Exhibit E; Exhibit G (*Sims v. Menu Foods Income Fund, et al.*, No. 07-5053 (W.D. Ark.)); Exhibit H (*Widen v. Menu Foods, et al.*, No. 07-5055 (W.D. Ark.)); Exhibit I (*Sexton v. Menu Foods Income Fund, et al.*, No. CV07-01958 (C.D. Cal.); Exhibit J (*Whaley v. Menu Foods, et al.*, No. CV7 0411M (W.D. Wash.)).

The analysis does not differ with regard to Plaintiff's claims under H.R.S. Chapters 328 and 480 regulating food safety and unfair or deceptive trade practices. Assuming <u>arguendo</u> that Chapter 328 provides a private cause of action for injunctive relief, the MDL proceeding will encompass factual issues of whether

Menu Foods sold pet food adulterated by a poisonous or deleterious substance that may cause injury. See HRS §§ 328-6, 9, and 31. Discovery on fraud claims pled in other recall cases will involve factual questions as to whether Menu Foods actions or omissions in selling allegedly contaminated pet food deceived or had a capacity to deceive consumers. See HRS § 480-2; *Davis v. Wholesale Motors, Inc.*, 86 Hawaii 405, 417, 949 P.2d 1026, 1038 (Haw. App. 1997) (enumerating the elements of a consumer claim under HRS § 480-13(b)); *State by Bronster v. U.S. Steel Corp.*, 82 Hawaii 32, 51, 919 P.2d 294, 313 (Haw. 1996) (defining deception within the meaning of Chapter 480). Accordingly, discovery or motion practice in this Court related to Plaintiff's claims necessarily would duplicate the efforts in the MDL proceeding and risk the possibility of inconsistent rulings.

## CONCLUSION

For these reasons, judicial economy will be served by staying this action pending a ruling by the Judicial Panel on the transfer of this action to the MDL. Any prejudice to Plaintiff caused by a stay is far outweighed by the substantial hardship to Menu Foods if it is compelled to participate in duplicative and costly discovery and pretrial motion practice in multiple jurisdictions and by the risk of inconsistent rulings.

WHEREFORE, Menu Foods respectfully request this Honorable Court to enter an Order staying further proceedings, including, but not limited to, Menu

Foods' obligation to file responsive pleadings in this matter, pending a final decision of the Judicial Panel to transfer this action.

DATED: Honolulu, Hawaii, JUL 2 0 2007                              .

 

                                      CHAD P. LOVE
                                      BARBARA J. KIRSCHENBAUM

                                      Attorneys for Defendants Menu
                                      Foods, Inc., Menu Foods Holdings,
                                      Inc., and Menu Foods Income Fund