IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YVONNE ORTIZ, Individually and on behalf of all other similarly situated persons,<br><br>          Plaintiff,<br><br>vs.<br><br>MENU FOODS, INC., a New Jersey corporation; MENU FOODS HOLDINGS, INC., a Delaware corporation; MENU FOODS INCOME FUND, an unincorporated Canadian business; DOE ENTITIES and INDIVIDUALS 1-100,<br><br>          Defendants. | CIVIL NO. CV07-00323(DAE/LEK)<br>(Class Action)<br><br>MEMORANDUM IN SUPPORT OF APPLICATION |

## MEMORANDUM IN SUPPORT OF APPLICATION

This case is a putative class action relating to Menu Foods' recall of over 60 million cans and pouches of pet food. It is one of approximately one hundred class actions filed nationwide alleging various damages from contaminated pet food. To Menu Foods' knowledge, it is the <u>only</u> such class action that has not

yet been transferred to the Multidistrict Litigation ("MDL")[1], and a motion is currently before the Judicial Panel on Multidistrict Litigation ("JPML") to determine if transfer of this action is warranted.

      The Court's decision on the Objections could have far reaching consequences both here and on the Mainland.  The possibility of inconsistent rulings on such issues as remand and class certification before the JPML can determine if this action should be transferred to the MDL, as well as the possibility of duplicative discovery and motions practice, will prejudice Menu Foods.  *See In re Vioxx Product Liability Cases*, 2005 U.S. Dist. LEXIS 40743, at *5 (S.D. Cal. July 8, 2005) (denying remand and granting stay pending decision by JPML on transfer to the MDL, because "[d]efendants may be prejudiced by duplicative discovery and motion practice"); *North v. Merck & Co., Inc.*, 2005 U.S. Dist. LEXIS 27628, at *6 (W.D.N.Y. Nov. 4, 2005) ("Finally, I find that the equities tip in favor of [defendant] for staying this action until the issue of transfer is resolved.  Although plaintiff claims that she will suffer prejudice by imposition of the stay, I find that the risk of hardship to [defendant] of engaging in duplicative motion practice and discovery

---

1. On June 19, 2007, the "JPML" established an MDL in the US District Court for the District of New Jersey for cases arising out of Menu Foods' pet food recall so that such litigation may proceed through discovery and pre-trial proceedings in an orderly, efficient and coordinated fashion.  All of the other pet food recall class actions pending in federal courts across the nation have already been transferred to the MDL.

-2-

proceedings outweighs any prejudice that could potentially inure to her."). This potential inefficient inconsistency is contrary to the express purpose of the statute establishing multidistrict litigation. *See* 28 U.S.C. § 1407(a) (authorizing transfer of cases with "common questions of fact … for coordinated or consolidated pretrial proceedings … for the convenience of parties and witnesses and … the just and efficient conduct of such actions").

In light of the importance of the outcome of this matter, Menu Foods requests an opportunity to appear before the Court to present its argument. In addition, the reasons removal was warranted are complicated, and Menu Foods would like the opportunity to explain them and address any questions that the Court may have. Menu Foods did not have this opportunity in advance of Magistrate Judge Kobayashi's ruling because both the Motion for Remand and the Motion to Stay were decided on the submissions. Accordingly, Menu Foods requests that it be allowed to present its arguments to the Court before the Court rules on its Objections.

If the Court grants this Application, Menu Foods requests that, if possible, the Court set the hearing for any time on October 2, 2007, or on October 1, 2007, after 1:00 p.m., because there is a hearing on a Motion for Remand and a Motion to Stay set for October 1, 2007, at 9:30 a.m. before Magistrate Judge Kevin Chang in a related pet food recall case entitled:

-3-

*Sylvester et al., v. Menu Foods, Inc., et al,* Civil No. CV 07-00409 ACK-KSC ("*Sylvester*").

Menu Foods' Mainland counsel in Washington, D.C., plans to file a pro hac vice application in *Sylvester* and, if granted, may appear in person at the *Sylvester* October 1st hearing. Mainland counsel also plans to file a pro hac vice application in the instant matter and, if granted, may appear in person at the hearing. A hearing set for October 2nd or October 1st, (after 1:00 p.m.) would allow Mainland counsel to appear at both hearings without having to make multiple trips to Hawaii.

For the above reasons, Defendant respectfully requests that the Court grant this Application.

DATED:  Honolulu, Hawaii,     September  12, 2007     .


             /s/ Chad P. Love       
CHAD P. LOVE
BARBARA J. KIRSCHENBAUM

Attorneys for Defendants Menu Foods
Holdings, Inc., Menu Foods, Inc., and
Menu Foods Income Fund