LOVE & KIRSCHENBAUM
A LIMITED LIABILITY LAW COMPANY

CHAD P. LOVE  1617-0
BARBARA J. KIRSCHENBAUM  5825-0
1164 Bishop Street, Ste. 1105
Honolulu, Hawaii  96813
Tel. No. 546-7575

Attorneys for Menu Foods, Inc.,
Menu Foods Holdings, Inc., and
Menu Foods Income Fund

IN THE UNITED STATES DISTRICT COURT CIRCUIT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YVONNE ORTIZ, Individually and on behalf of all other similarly situated persons,<br><br>              Plaintiff,<br><br>vs.<br><br>MENU FOODS, INC., a New Jersey corporation; MENU FOODS HOLDINGS, INC., a Delaware corporation; MENU FOODS INCOME FUND, an unincorporated Canadian business; DOE ENTITIES and INDIVIDUALS 1-100,<br><br>              Defendants. | CIVIL NO. CV07-00323 DAE LEK<br>(Class Action)<br><br>MENU FOODS HOLDINGS, INC.'S [PROPOSED] REPLY TO "PLAINTIFFS' RESPONSE TO ITS OBJECTIONS TO THE FINDINGS AND RECOMMENDA-TION GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR REMAND AND ORDER DENYING DEFENDANTS' MOTION TO STAY AS MOOT, FILED 8/21/07", FILED 09/14/07; EXHIBITS A AND B |

NEWY1\8146649.3                              -1-                              EXHIBIT 1

**MENU FOODS HOLDINGS, INC.'S [PROPOSED]
REPLY TO "PLAINTIFFS' RESPONSE TO ITS OBJECTIONS
TO THE FINDINGS AND RECOMMENDATION TO GRANT IN
PART AND DENY IN PART PLAINTIFFS' MOTION FOR REMAND
AND ORDER DENYING DEFENDANTS' MOTION TO STAY AS MOOT,
FILED 8/21/07", FILED 09/14/07**

Defendant MENU FOODS HOLDINGS, INC. ("Menu Foods") submits this reply to Plaintiffs' Response (filed September 14, 2007) to Menu Foods' Objections to the Findings and Recommendation of U.S. Magistrate Judge Leslie E. Kobayashi, filed August 21, 2007 (the "Recommendation"), pursuant to LR 74.2.

## ARGUMENT

**I.    At a Minimum, This Court Should Stay the Case Pending the Determination of the JPML, as the District Court of Nevada did in *Picus*.**

Plaintiffs attempt to liken this case to *Picus v. Walmart, et al.* (USDC Nevada) (*see* Pl. Mem. at 19), because Menu Foods has sought to vacate the conditional transfer order for that case. Notably, in *Picus,* the district court <u>stayed</u> the action <u>pending a decision on transfer</u> by the JPML. (See Ex. A, Stay Order in *Picus*.) This is precisely the relief that Menu Foods seeks here.

In any event, the claims asserted in this case and those in *Picus* bear little resemblance. This case is just like all the other products liability cases arising out of the pet food recall that have been transferred to the MDL pending in New Jersey District Court. *See* Pl. Mem. at 1 (Plaintiffs admit that this case stems from their "purchase[] [of] adulterated pet food products manufactured by Defendants"). The

fact that one of Plaintiffs' seven causes of action is based on Hawaii's consumer protection law does not transform this into a consumer protection case. *See* Complaint, ¶¶ 54-61 (Plaintiffs' other causes of action include <u>strict products liability</u> and negligence/gross negligence). *Picus*, on the other hand, is not a products liability case and makes no claim about the quality or safety of pet food manufactured by Menu Foods. Instead, *Picus* seeks damages for alleged misrepresentations concerning the "Made in USA" label on certain pet foods manufactured by Menu Foods.

With the exception of this and another case in Hawaii involving the same counsel, every products liability action against Menu Foods in federal court arising out of the pet food recall has been transferred to the MDL, or soon will be without objection. This case (as well as the other pet food recall case pending in this District) already has been conditionally transferred to the MDL by the JPML (*see* Ex. B, CTO). Plaintiffs have objected to the transfer, and the matter should be fully briefed by early October, after which the JPML will make a final decision on whether to transfer this action to the MDL. During this short time period, this Court should, at the very least, do as the *Picus* court did and stay this action. Such a stay would defer ruling on Plaintiffs' remand motion until the JPML determines where this case should proceed, and thus, whether Plaintiffs' remand motion will be decided here or in the MDL. "Courts frequently grant stays pending a decision

by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 809 (N.D. Cal. 1998); *see also Michael v. Warner-Lambert Co.*, 2003 U.S. Dist. LEXIS 21525, at *3-4 (S.D. Ca. Nov. 20, 2003) ("The general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case to the MDL panel."); *see, e.g., McClelland v. Merck & Co.*, CIV. No. 06-00543, 2007 WL 178293 at *4 (D. Haw. Jan. 19, 2007) ("stay[ing] th[e] proceeding pending a decision on transfer by the [JPML] and den[ying] Plaintiffs' Motion to Remand without prejudice").

In light of this case's relationship to the MDL litigation, and in furtherance of judicial economy and the policy underlying multi-district litigation, the balance of equities clearly tips in favor of federal jurisdiction. *See McClelland*, 2007 WL 178293 at *3 ("The uniform treatment of remand motions avoids inconsistent rulings, promotes respect for the law, and conserves judicial resources….Accordingly, after balancing the competing interests, the court finds that this matter should be stayed pending a decision on transfer by the JPML."); *North v. Merck & Co., Inc.*, 2005 U.S. Dist. LEXIS 27628, at *6 (W.D.N.Y. Nov. 4, 2005) ("Finally, I find that the equities tip in favor of [defendant] for staying this action until the issue of transfer is resolved.  Although plaintiff claims that she will suffer prejudice by imposition of the stay, I find that the risk of hardship to

[defendant] of engaging in duplicative motion practice and discovery proceedings outweighs any prejudice that could potentially inure to her.").

Accordingly, this Court should either deny Plaintiffs' motion to remand or follow common federal practice and defer ruling the remand motion until the JPML decides whether this case appropriately belongs with the approximately one hundred other class actions that have been transferred to the pet food recall MDL.

## II.    If the Court Chooses to Reach the Merits of Plaintiffs' Remand Motion, *De Novo* Review Pursuant to Local Rule 74.2 Is Proper Here.

Plaintiffs are incorrect in stating that the standard of review of this matter is governed only by Local Rule 74.1.  As this Court recognized in *State of Hawaii v. Abbott Laboratories, Inc.*, 469 F.Supp.2d 842, 846 (DAE) (D. Haw. 2006), when objecting to a Magistrate Judge's findings and recommendations <u>relating to a motion to remand</u>, the proper standard of review is the *de novo* review articulated by Local Rule 74.2, and the Court "may also receive further evidence or recommit the matter to the magistrate with instructions."  *See also McClelland*, 2007 WL 178293 (treating "motion to remand as a dispositive motion, subjecting it to a *de novo* standard of review").  Therefore, it is entirely proper for this Court to receive the Declaration of Paul Henderson.

## CONCLUSION

For the reasons stated herein and in Menu Foods' prior submissions, Magistrate Judge Kobayashi's Recommendation should be vacated, and Plaintiffs' Motion for Remand should be denied or, alternatively, the Court should stay a decision on Plaintiffs' motion while the JPML determines whether to transfer this case to the MDL.

DATED:   Honolulu, Hawaii, _____.

_____
CHAD P. LOVE
BARBARA J. KIRSCHENBAUM

Attorneys for Menu Foods, Inc,,
Menu Foods Holdings, Inc., and
Menu Foods Income Fund

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

MARGARET PICUS,

    Plaintiff,

v.

WAL-MART STORES, INC., et al.,

    Defendants.

2:07-cv-00682-PMP-LRL

**O R D E R**

    This case comes before the court on defendant Del Monte Foods' Emergency Motion to Stay Proceedings (#38). The court has considered the motion, plaintiff's Opposition (#40), and Del Monte Foods' Reply (#41). For good cause shown,

    IT IS ORDERED that the Emergency Motion to Stay Proceedings (#38) is granted to the extent that discovery and scheduling obligations under Fed.R.Civ.P. 16 and 26 shall be stayed pending a transfer decision by the JPML.

    DATED this 19th day of September, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**



## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888
http://www.jpml.uscourts.gov



August 1, 2007

TO INVOLVED COUNSEL

Re: MDL-1850 -- IN RE Pet Food Products Liability Litigation

(See Attached CTO-2)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:** **August 16, 2007** (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By *Thomas Tettumbe*
Deputy Clerk

Attachments

JPML Form 39

EXHIBIT B

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 1 2007

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL NO. 1850

### IN RE Pet Food Products Liability Litigation

*Yvonne Ortiz v. Menu Foods, Inc., et al.,* D. Hawaii, C.A. No. 1:07-323
*Mary DiCaprio v. Menu Foods Income Fund, et al.,* W.D. Pennsylvania, C.A. No. 2:07-734

### CONDITIONAL TRANSFER ORDER (CTO-2)

On June 19, 2007, the Panel transferred 12 civil actions to the United States District Court for the District of New Jersey for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2007). Since that time, 65 additional actions have been transferred to the District of New Jersey. With the consent of that court, all such actions have been assigned to the Honorable Noel L. Hillman.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the District of New Jersey and assigned to Judge Hillman.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the District of New Jersey for the reasons stated in the order of June 19, 2007, and, with the consent of that court, assigned to the Honorable Noel L. Hillman.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of New Jersey. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

EXHIBIT B

## INVOLVED COUNSEL LIST (CTO-2)
## MDL NO. 1850
## IN RE Pet Food Products Liability Litigation

Lynn E. Bell
Davis, McFarland & Carroll
One Gateway Center
10th Floor
Pittsburgh, PA 15222

Joseph S. Bellissimo
Peirce, Raimond & Coulter
707 Grant Street
2500 Gulf Tower
Pittsburgh, PA 15219

Emily A. Gardner
Emily A. Gardner, Attorney at Law LLC
735 Bishop Street
Suite 402
Honolulu, HI 96813

Thomas R. Grande
Davis, Levin, Livingston, Grande
Davis Levin Livingston Grande Place
851 Fort Street
Suite 400
Honolulu, HI 96813-4317

Barbara J. Kirschenbaum
Love & Kirschenbaum, LLC
1164 Bishop Street
Suite 1105
Honolulu, HI 96813

EXHIBIT B

RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.



(a) Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5: MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e) Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

EXHIBIT B